**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 07 CV 11418

WILLIAM McKENZIE

Civil Action No.:

Plaintiffs,

-against-

**NOTICE OF REMOVAL**

SNAP-ON INCORPORATED and
SNAP-ON TOOLS, COMPANY, LLC

Defendants.

2007 DEC 20 AM 11: 14
S.D. OF N.Y.
U.S. DISTRICT COURT
FILED

TO:    THE UNITED STATES DISTRICT COURT,
       SOUTHERN DISTRICT OF NEW YORK:

Defendants, SNAP-ON INCORPORATED and SNAP-ON TOOLS, COMPANY, LLC,

pursuant to 28 U.S.C. §1441, states:

    1.    A civil action bearing Index Number 8838/07 has been instituted by plaintiff

WILLIAM McKENZIE and is pending in the Supreme Court of the State of New York, County

of Orange, in which SNAP-ON INCORPORATED and SNAP-ON TOOLS, COMPANY, LLC,

are defendants.

    2.    Defendants SNAP-ON INCORPORATED and SNAP-ON TOOLS, COMPANY,

LLC were and are incorporated in the State of Delaware, and have their principal places of

business in Kenosha, Wisconsin.

    3.    Upon information and belief, plaintiff is a citizen and resident of the State of New

York, County of Orange.

    4.    Therefore, this action is between citizens of different states as defined by 28 U.S.C.

§1332(a)(1).



5.    In his Supplemental Demand for Relief Pursuant to CPLR 3017(c), served on December 7, 2007, plaintiff seeks damages in the sum of $2,000,000.

6.    Therefore, the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

7.    Thus, this Court has original diversity jurisdiction and removal jurisdiction over this claim pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

8.    Defendants received a copy of the plaintiff's State Complaint setting forth the allegations upon which this action is based on or about October 1, 2007. However, the Complaint did not set forth the claim for relief with sufficient specificity to determine whether this matter was eligible for removal to this Court.

9.    Following a demand pursuant to CPLR 3017(c) for a Supplemental Demand for Relief, and the filing of motion to compel production of same, Defendants received a Supplemental Demand for Relief for $2,000,000 on December 7, 2007.

10.    Therefore, in accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty (30) days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

11.    Copies of the Summons and Verified Complaint, which constitutes all process, pleadings and orders received by defendants SNAP-ON INCORPORATED and SNAP-ON TOOLS, COMPANY, LLC, in this action, are collectively annexed hereto as **Exhibit "A."**

12.    A copy of Plaintiff's Supplemental Demand for Relief is annexed hereto as **Exhibit "B."**

13.    A copy of Defendants Answer to the Complaint is annexed hereto as **Exhibit "C."**

2

14.    There are no other defendants in the action to date.

15.    No previous application for relief sought herein has been made to this or any other court.

**WHEREFORE,** defendants SNAP-ON INCORPORATED and SNAP-ON TOOLS, COMPANY, LLC give notice that this action is removed from said state court to this Court.

Dated:        New York, New York
              December 18, 2007

                          Yours, etc.

                          Biedermann, Reif, Hoenig & Ruff, P.C.

                          By: _____
                               Peter W. Beadle ( PB-5045)
                          *Attorneys for Defendants*
                          *SNAP-ON INCORPORATED and*
                          *SNAP-ON TOOLS COMPANY, LLC*
                          570 Lexington Avenue
                          New York, New York  10022
                          (212) 697-6555
                          File No.: 200.15945

TO:    Jeffrey E. Phillips, Esq.
       Phillips, Krantz & Levi, LLP
       *Attorneys for Plaintiff*
       *WILLIAM McKENZIE*
       204 West 84th Street
       New York, New York  10024
       (212) 580-6500
       File No.: 06PL0001

3

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
09/25/2007
CT Log Number 512622407

OCT = 1 2007

TO:     Michelle Dreifke
        Snap-on Incorporated
        2801 80th Street
        Kenosha, WI 53143–

RE:     **Process Served in New York**

FOR:    Snap-on Tools Company LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

TITLE OF ACTION:     William Mckenzie, Pltf. vs. Snap-On Incorporated and Snap-On Tools Company, LLC, Dfts.
                     *Name discrepancy noted.*

DOCUMENT(S) SERVED:  Summons, Verified Complaint, Verification

COURT/AGENCY:        Orange County: Supreme Court, NY
                     Case # 2007-6638

NATURE OF ACTION:    Product Liability Litigation - Manufacturing Defect - Personal Injury - Due to Dft.
                     negligence to provide for basic, common, safety principles, in labeling the product in a
                     defective and improper manner, when using the product called "air/electric tire
                     changers"

ON WHOM PROCESS WAS SERVED:  C T Corporation System, New York, NY

DATE AND HOUR OF SERVICE:    By Process Server on 09/25/2007 at 15:10

APPEARANCE OR ANSWER DUE:    Within 20 days after the service, exclusive of the day of service

ATTORNEY(S) / SENDER(S):     Jeffrey E. Phillips
                             Phillips, Krantz & Levi, LLP
                             204 West 84th Street
                             New York, NY 10024
                             212-580-6500

ACTION ITEMS:        SOP Papers with Transmittal, via Fed Ex 2 Day , 790344964228
                     Email Notification, Candace Isetts-Williams Candace.L.Isetts@snapon.com

SIGNED:              C T Corporation System
PER:                 Christopher Tilton
ADDRESS:             111 Eighth Avenue
                     New York, NY 10011
TELEPHONE:           212-894-8940

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

------------------------------------------------------------X

WILLIAM MCKENZIE,

              Plaintiff,

    -against-

SNAP-ON INCORPORATED, and SNAP-ON TOOLS
COMPANY, LLC,

              Defendants.

------------------------------------------------------------X

Index No.: 2007 - 8838

**SUMMONS** 9|18|07

Plaintiff designates Orange
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
1 Ace Farm Road
Highland Mills, New York 10930

County of Orange

## To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: NEW YORK, NY
       August 27, 2007

Jeffrey E. Phillips
PHILLIPS, KRANTZ & LEVI, LLP
Attorneys for Plaintiff
WILLIAM MCKENZIE
204 West 84th Street
New York, NY 10024
(212) 580-6500
Our File No. 06PL0001

EMPIRE
PROCESS

TO:    SNAP-ON INCORPORATED
       c/o C T Corporation System
       111 Eighth Avenue
       New York, New York 10011

       SNAP-ON TOOLS COMPANY, LLC
       c/o C T Corporation System
       111 Eighth Avenue
       New York, New York 10011
       Brooklyn, New York 11237

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------X
WILLIAM MCKENZIE,                                  Index No.: 2007 - 8838

                              Plaintiff,           **VERIFIED COMPLAINT**
                -against-

SNAP-ON INCORPORATED and SNAP-ON TOOLS
COMPANY, LLC,

                              Defendants.
-------------------------------------------------------------X

Plaintiff, by his attorneys, **PHILLIPS, KRANTZ & LEVI, LLP**, complaining of the

Defendant, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF WILLIAM MCKENZIE



1. That at all times herein mentioned, Plaintiff **WILLIAM MCKENZIE** was, and still is,

a resident of the County of Orange, State of New York.

2. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED** was and

still is a domestic corporation, duly organized and existing under and by virtue of the laws of the

State of New York.

3. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED** was and

still is a foreign corporation, duly authorized to do business in the State of New York.

3

4. That Defendant **SNAP-ON INCORPORATED**, committed a tortuous act within the State of New York.

5. That at all times herein mentioned, Defendant **SNAP-ON TOOLS COMPANY, LLC** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, Defendant **SNAP-ON TOOLS COMPANY, LLC** was and still is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, Defendant **SNAP-ON TOOLS COMPANY, LLC** was and still is a foreign corporation, duly authorized to do business in the State of New York.

8. That at all times herein mentioned, Defendant **SNAP-ON TOOLS COMPANY, LLC** was and still is a foreign limited liability company, duly authorized to do business in the State of New York.

9. That Defendant **SNAP-ON TOOLS COMPANY, LLC**, committed a tortuous act within the State of New York.

4

10. That Defendant **SNAP-ON INCORPORATED** regularly does, or solicits, business in the State of New York.

11. That Defendant **SNAP-ON INCORPORATED,** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

12. That Defendant **SNAP-ON TOOLS COMPANY, LLC,** regularly does, or solicits, business in the State of New York.

13. That Defendant **SNAP-ON TOOLS COMPANY, LLC,** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

14. That at all times herein mentioned the Defendant **SNAP-ON INCORPORATED** was in the business of selling, manufacturing, repairing, servicing and distributing air/electric tire changers for the purpose of sale and use to the general public.

15. That at all times herein mentioned the Defendant **SNAP-ON INCORPORATED,** was in the business of selling, manufacturing, repairing, servicing and distributing air/electric tire changers for the purpose of sale and use to businesses.

16. That the Defendant, **SNAP-ON INCORPORATED,** manufactured, produced, serviced, repaired and distributed a certain product called "air/electric tire changers".

5

17. That at all times herein mentioned, and prior to October 11, 2006, the Defendant, **SNAP-ON INCORPORATED**, manufactured, repaired, serviced, sold, distributed and delivered to various retailers the above mentioned product.

18. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED**, operated the aforementioned air/electric tire changers.

19. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED**, managed the aforementioned air/electric tire changers.

20. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED**, maintained the aforementioned air/electric tire changers.

21. That at all times herein mentioned, Defendant **SNAP-ON INCORPORATED**, controlled the aforementioned air/electric tire changers.

22. That at all times herein mentioned the Defendant **SNAP-ON TOOLS COMPANY, LLC** was in the business of selling, manufacturing, repairing, servicing and distributing air/electric tire changers for the purpose of sale and use to the general public.

6

23. That at all times herein mentioned the Defendant **SNAP-ON TOOLS COMPANY, LLC.** was in the business of selling, manufacturing, repairing, servicing and distributing air/electric tire changers for the purpose of sale and use to businesses.

24. That the Defendant, **SNAP-ON TOOLS COMPANY, LLC,** manufactured, produced, repaired, serviced and distributed a certain product called "air/electric tire changers".

25. That at all times herein mentioned, and prior to October 11, 2006, the Defendant, **SNAP-ON TOOLS COMPANY, LLC,** manufactured, sold, repaired, serviced, distributed and delivered to various retailers the above mentioned product.

26. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product of Defendant, **SNAP-ON INCORPORATED.**

27. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product of Defendant, **SNAP-ON TOOLS COMPANY, LLC.**

28. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the knowledge of the Defendant, **SNAP-ON INCORPORATED.**

29. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the knowledge of the Defendant, **SNAP-ON TOOLS COMPANY, LLC.**

7



30. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the permission of the Defendant, **SNAP-ON INCORPORATED.**

31. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the permission of the Defendant, **SNAP-ON TOOLS COMPANY, LLC.**

32. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the consent of the Defendant, **SNAP-ON INCORPORATED.**

33. That on October 11, 2006, Plaintiff **WILLIAM MCKENZIE** used said product with the consent of the Defendant, **SNAP-ON TOOLS COMPANY, LLC.**

34. That the Defendant **SNAP-ON INCORPORATED** warranted said product was fit for the purpose for which it was intended.

35. That the Defendant **SNAP-ON TOOLS COMPANY, LLC** warranted said product was fit for the purpose for which it was intended.

36. That the Defendant **SNAP-ON INCORPORATED** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

8

37. That the Defendant **SNAP-ON TOOLS COMPANY, LLC** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

38. That the Defendant, **SNAP-ON INCORPORATED** impliedly warranted that the said product was of merchantable quality and was safe for use.

39. That the Defendant, **SNAP-ON TOOLS COMPANY, LLC** impliedly warranted that the said product was of merchantable quality and was safe for use.

40. That relying upon said warranties. Plaintiff proceeded to use the said product in accordance with its intended use.

41. That Defendant, **SNAP-ON INCORPORATED** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

42. That Defendant, **SNAP-ON INCORPORATED**, provided certain written Operation Instructions in connection with the use of the product.

43. That Defendant, **SNAP-ON TOOLS COMPANY, LLC** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

9

44.   That Defendant **SNAP-ON TOOLS COMPANY, LLC**, provided certain Operation Instructions in connection with the use of the product.

45.   That on October 11, 2006 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, and the operation instructions, was caused to suffer and sustain severe bodily injuries when the changer failed and caused serious bodily injuries including but not limited to, a fracture to his right arm.

46.   That the aforesaid accident was caused solely and wholly by reason that Defendant, **SNAP-ON INCORPORATED** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

47.   That the aforesaid accident was caused solely and wholly by reason that Defendant, **SNAP-ON TOOLS COMPANY, LLC** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

48.   That by reason of the foregoing, Plaintiff **WILLIAM MCKENZIE** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

10

49. That this action falls within one or more exception set forth in § 1602 of the CPLR.

50. That as a result of the foregoing, Plaintiff has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF WILLIAM MCKENZIE

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "50", with the same force and effect as though set forth herein fully and at length.

52. That Plaintiff **WILLIAM MCKENZIE** was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendants **SNAP-ON TOOLS COMPANY, LLC, SNAP-ON INCORPORATED**, their agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing and labeling of said product and its container; in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to advise plaintiff that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used by the general public; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in improperly servicing the product; in improperly repairing the product; in failing to provide a safe product, and causing, creating and

11

allowing a defective, improper and poorly labeled product by improperly giving instructions thereby

creating a dangerous condition with respect to the product and its use, and permitting it to remain

and exist; in failing to test the product; in failing to provide proper safeguards and warnings to

prevent injury to the users and others of the said product; in failing to warn the plaintiff and others

of the dangerous, improper and poorly designed label and defective instructions and condition of the

product, and in manufacturing improperly and negligently designing labels, operation instructions

and warnings, and releasing same for its use to the general public; in failure to release operation

instructions with the product to general public; in denying and/or restricting access to operation

instructions for general public; in failing to avoid the occurrence although there was an opportunity

to do so; and in otherwise being careless and negligent.



53.  That by reason of the foregoing, Plaintiff **WILLIAM MCKENZIE** was caused to

sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and

their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and

will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was,

and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has

sustained a resultant loss therefrom.



54.  That this action falls within one or more exception set forth in § 1602 of the CPLR.

55. That as a result of the foregoing, Plaintiff has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the defendant on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action; and on the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action.

Dated: New York, New York
       August 27, 2007

Yours, etc.

Jeffrey E. Phillips
PHILLIPS, KRANTZ & LEVI, LLP
Attorneys for Plaintiff
WILLIAM MCKENZIE
204 West 84th Street
New York, NY 10024
(212) 580-6500
Our File No. 06PL0001

13

## ATTORNEY'S VERIFICATION

**JEFFREY E. PHILLIPS**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at PHILLIPS, KRANTZ & LEVI, LLP, attorneys of record for Plaintiff, **WILLIAM MCKENZIE**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            August 27, 2007



_____
**JEFFREY E. PHILLIPS**

14

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

WILLIAM MCKENZIE,

       Plaintiff,

   -against-

SNAP-ON INCORPORATED and SNAP-ON TOOLS
COMPANY, LLC,

       Defendants.

----------------------------------------X

## SUMMONS AND COMPLAINT

### PHILLIPS, KRANTZ & LEVI, LLP

*Attorneys for Plaintiff*
*William McKenzie*
**204 West 84th Street**
**New York, NY 10024**
**(212)580-6500**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* _____     *Signature:* _____
                                        *Print Signer's Name:* _____

### *PLEASE TAKE NOTICE*

   *[ ]*       *that the within is a (certified) true copy of a*
*Notice*     *entered in the office of the clerk of the within named Court on*
*of Entry*

   *[ ]*       *that an Order of which the within is a true Copy will be presented for settlement*
*Notice  to the Hon.*          *one of the Judges of the within named Court, at      of*
*Settlement*                         *on*            *20*

*Dated:*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
WILLIAM MCKENZIE,

        Plaintiff,

    -against-

SNAP-ON INCORPORATED and SNAP-ON TOOLS
COMPANY, LLC,

        Defendants.

-----------------------------------------------------------------X

**SUPPLEMENTAL DEMAND
FOR RELIEF PURSUANT TO
CPLR 3017(c)**

Index No.: 8838/07

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE**, that Plaintiff by his attorneys **PHILLIPS, KRANTZ &**

**LEVI, LLP,** hereby supplements his demand for judgment as follows:

1.    Plaintiff demands judgment against the defendant in the amount of two million

    and 00/100 ($2,000,000) dollars together with the interest, costs and

    disbursements of this action.

Dated: NEW YORK, NY
       December 7, 2007

                  Yours, etc.,

                  HEATH T. BUZIN
                  PHILLIPS, KRANTZ & LEVI, LLP
                  Attorneys for Plaintiff
                  WILLIAM MCKENZIE
                  204 West 84th Street
                  New York, NY 10024
                  (212) 580-6500
                  Our File No. 06PL0043

TO:    Biederman, Hoenig, Massamillo & Ruff
        Attorneys for Defendant
        SNAP-ON INCORPORATED
        SNAP-ON TOOLS COMPANY, LLC
        90 Park Avenue, 36th Floor
        New York, NY 10016
        (212) 697-6555

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

_____

WILLIAM MCKENZIE

Plaintiff,

-against-

SNAP-ON INCORPORATED and SNAP-ON TOOLS
COMPANY, LLC,

Defendants.

_____

Index# 8838/07
**VERIFIED ANSWER**

Defendant, SNAP-ON INCORPORATED and SNAP-ON TOOLS COMPANY, LLC, by its attorneys, Biedermann, Reif, Hoenig, & Ruff, P.C., as and for its Verified Answer to plaintiffs' Verified Complaint, alleges as follows:

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

FIRST:        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1", "26", "27", "40" and "45" of plaintiff's Verified Complaint.

SECOND:        Denies each and every allegation in paragraphs "2", "4", "5", "6", "9" through "25", "28" through "39", "41" through "44", and "46" through "50" of plaintiff's Verified Complaint.

THIRD:        Admits the allegations contained in paragraphs "3" and "8" of the plaintiff's Verified Complaint.

FOURTH:        Denies the allegations contained in paragraph "7" of the plaintiff's Verified Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

FIFTH:        Answering paragraph "51" of the Verified Complaint, repeats, realleges and reiterates each allegation, admission and denial set forth in paragraphs "FIRST",

"SECOND" and "THIRD" of this Verified Answer with the same force and effect as if fully set forth herein.

SIXTH:     Denies the allegations set forth in paragraphs "52" through "55" of plaintiff's Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

SEVENTH:   If plaintiffs sustained or suffered damages as alleged in the Complaint, which defendants Snap-On Incorporated and Snap-On Tools Company, LLC, expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Snap-On Incorporated and/or Snap-On Tools Company, LLC, exercised no control or supervision, and not by reason of any negligent or culpable conduct of Snap-On Incorporated and/or Snap-On Tools Company, LLC.

## SECOND AFFIRMATIVE DEFENSE

EIGHTH:     If plaintiffs sustained or suffered damages as alleged in the Complaint, which Snap-On Incorporated and Snap-On Tools Company, LLC, expressly denies, such damages were caused in whole or in part by plaintiff's, negligence or other culpable conduct, or said plaintiff's assumption of risk, and, to the extent of their culpability, plaintiffs are barred from recovery or, alternatively, shall have their damages reduced in the proportion that plaintiff's culpable conduct bears to all conduct causing or contributing to said damages.

## THIRD AFFIRMATIVE DEFENSE

NINTH:     Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR 4545.

## FOURTH AFFIRMATIVE DEFENSE

TENTH:   Plaintiff's recovery, if any, shall be reduced and/or subject to equitable apportionment under CPLR Article 16.

## FIFTH AFFIRMATIVE DEFENSE

ELEVENTH:  Since these answering defendants had no notice of the alleged defective or dangerous condition, it is not liable to plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

TWELFTH:   Any risks, dangers, or hazards in existence at the time and place mentioned in the Complaint were open, obvious, and apparent and were known to and assumed by the plaintiff.

WHEREFORE, defendants Snap-On Incorporated and Snap-On Tools Company, LLC, demands judgment dismissing the Verified Complaint, together with the costs and disbursements of this action.

Dated:  New York, New York
        October 19, 2007

BIEDERMANN, REFF, HOENIG, & RUFF, P.C.

By: _____
         Peter W. Beadle
*Attorneys for Defendant*
*SNAP-ON   INCORPORATED   and   SNAP-ON   TOOLS*
*COMPANY, LLC*
570 Lexington Avenue
New York, New York  10022
(212) 697-6555

TO:    Jeffrey E. Phillips, Esq.
       Phillips, Krantz & Levi, LLP
       *Attorneys for Plaintiff*
       *WILLIAM McKENZIE*
       204 West 84th Street
       New York, New York  10024
       (212) 580-6500
       File No.: 06PL0001

## VERIFICATION

STATE OF NEW YORK     )
                                 )SS.:
COUNTY OF NEW YORK   )

Peter W. Beadle, an attorney admitted to practice in the State of New York, states:

I am an associate of Biedermann, Reif, Hoenig &amp; Ruff, P.C. attorneys of records for defendants SNAP-ON, INC., and SNAP-ON TOOLS COMPANY, LLC.

I have read the foregoing Verified Answer and know the contents thereof, and the same is true to my knowledge, except as to those matters stated to de alleged on information and belief, and as to those matters I believe them to be true. The grounds for my beliefs as to those matters not stated upon my knowledge are investigations conducted and information received as an attorney and the contents of our file on this matter.

The reason that this verification is made by your affirmant and not by the above named plaintiff is that the above defendant does not maintain its principal place of business and/or reside within New York County, wherein your affirmant maintains his offices.

                                                 Peter W. Beadle

Sworn to before me this
19th day of October, 2007.

Notary Public

SUSAN C. WHITE
Notary Public, State of New York
No. 01WH6045590
Qualified in NASSAU County
Commission Expires JULY 31, 20 10

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                            )ss:
COUNTY OF NEW YORK  )

       Michelle A. Ritchie, being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

       On the 22nd day of October, 2007, deponent served the within **VERIFIED ANSWER** upon: -

> Jeffrey E. Phillips, Esq.
> Phillips, Krantz & Levi, LLP
> *Attorneys for Plaintiff*
> *WILLIAM McKENZIE*
> 204 West 84th Street
> New York, New York  10024

the address designated by said attorney by depositing same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

                                               Michelle A. Ritchie

Sworn to before me this
22nd day of October, 2007

Notary Public

PATRICIA F. CACERES
Notary Public, State of New York
No. 01CA5026024
Qualified in Queens County
Commission Expires April 11, 20 10